UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 20-CR-192

MARSELLIUS D. MARTIN,

    Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, Richard G. Frohling, Acting United States Attorney for the Eastern District of Wisconsin, and Lisa Wesley, Assistant United States Attorney, and the defendant, Marsellius D. Martin, individually and by attorney Craig W. Albee, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in a two-count Indictment which alleges violations of Title 18, United States Code, Sections 2119(1) and 924(c)(1)(A)(ii). The defendant has also been charged in a two-count Information which alleges violations of Title 18, United States Code, Sections 2119(1) and 924(c)(1)(A)(i).

3.     The defendant has read and fully understands the charges contained in the Indictment and the Information. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to waive prosecution by Indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the following counts charged in the Information set forth in full as follows:

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

On or about August 12, 2020, in the State and Eastern District of Wisconsin,

**MARSELLIUS D. MARTIN,**

with the intent to cause death and serious bodily harm, took a motor vehicle, namely a 2009 Nissan Altima, that had been transported, shipped, and received in interstate and foreign commerce from J.K., by force, violence, and intimidation.

In violation of Title 18, United States Code, Section 2119(1).

### COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

On or about August 12, 2020, in the State and Eastern District of Wisconsin,

**MARSELLIUS D. MARTIN,**

knowingly used and carried a firearm during and in relation to a crime of violence, namely, motor vehicle robbery as charged in Count One of this Information.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

2

On August 12, 2020, at 10:15 pm, Marsellius Martin stole J.K.'s 2009 silver Nissan Altima at gunpoint in the 4700 block of N. 90th Street in Milwaukee, WI. At the time of the carjacking, J.K. was delivering food as a driver for YaYa China Restaurant. Martin ordered food from YaYa China to be delivered to a home on N. 90th Street, which was later determined to be vacant. After J.K. exited his silver 2009 Nissan Altima with Illinois plates to make the delivery, Martin approached him from the gangway adjacent to the delivery address. As J.K. reached the sidewalk, he asked Martin if he ordered Chinese food. Martin replied that he did. J.K. and Martin then began walking toward one another. As J.K. got closer to make the food delivery, J.K. stated that Martin pointed a silver and black pistol at him and ordered him to turn over the car keys. J.K. responded by putting his hands up and backing away from Martin stating, "no money, no money." Martin then entered the silver Nissan, which was still running, and drove southbound on N. 90th Street. J.K., whose iPhone was still in the car, then located L.M., who lived across the street. L.M. called 911 and waited with J.K. until police arrived.

J.K. described the carjacker as a clean cut 30- to 35-year-old black male, six to six foot one in height, with a thin build, and short black hair who was wearing ripped jeans, a black t-shirt, and red athletic shoes. L.M., who also observed the carjacking, described the carjacker as a tall black male measuring six foot three inches who was wearing ripped jeans and a t-shirt. L.M. also stated the carjacker looked like a basketball player. According to the Milwaukee Police Department, these descriptions are both consistent with Martin who has a light build, weighing 180 pounds and measuring six feet four inches tall. He is, however, younger than J.K. described at 21 years of age.

A little over thirty minutes after the robbery, at 10:52 pm, the stolen silver Nissan was located three miles away from the scene of the carjacking by using the find my iPhone feature of J.K.'s iPhone, which was still in the car. Law enforcement pulled the stolen Nissan over at N. 76th Street and W. Center Street. Martin was the only occupant. He was ordered out of the car and arrested. Martin was still wearing the black t-shirt and ripped blue jeans worn during the carjacking. A subsequent search revealed an iPhone on Martin and a loaded silver and black Smith and Wesson 9mm pistol with serial number FXM9316 on top of a backpack resting on the passenger side floorboard of the Nissan. A social security card and driver's license, both in Martin's name, were recovered from the backpack. Chinese food orders from YaYa China were also located in the back seat of the Nissan.

Martin's DNA and thumb print were later recovered from the magazine of the above firearm. Latent fingerprints identified as Martin's were also recovered from the stolen Nissan, which was manufactured in Mississippi, on the driver side door handle, exterior window, and the interior window on the driver side of the car. Location data obtained for the iPhone Martin possessed also revealed that this phone was in the area of the carjacking at the time it occurred.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

7. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty as charged in the Information carry the following maximum terms of imprisonment and fines:

| Count | Maximum Term of Imprisonment | Mandatory Minimum Term of Imprisonment | Maximum Fine | Maximum Term Supervised Release | Special Assessment |
|---|---|---|---|---|---|
| One | 15 years | N/A | $250,000 | 3 years | $100 |
| Two | Life | 5 years consecutive to any other sentence | $250,000 | 5 years | $100 |

The parties further recognize that a restitution order may be entered by the court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraph 29 of this agreement.

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF INDICTMENT

9. The government agrees to move to dismiss the Indictment at the time of sentencing.

## ELEMENTS

10. The parties understand and agree that in order to sustain the charge of **Motor Vehicle Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. § 2119(1),** as set forth in Count One of the Information, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant intentionally took a vehicle from a person;

4

Second, the defendant did so by means of force and violence, or by intimidation;

Third, the motor vehicle previously had been transported, shipped or received in interstate or foreign commerce; and

Fourth, the defendant intended to cause death or serious bodily injury in order to complete the taking of the vehicle.

The parties further understand and agree that in order to sustain the charge of **Using or Carrying a Firearm During and In Relation to a Crime of Violence**, as set forth in Count Two of the Information, the government must prove the following propositions beyond a reasonable doubt:

First, the defendant committed the crime of **Motor Vehicle Robbery Affecting Interstate Commerce** as charged in the Information; and

Second, that he knowingly used and carried a firearm during and in relation to such crime.

## SENTENCING PROVISIONS

11. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offenses set forth in paragraph 5. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

5

14. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

15. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

## Base Offense Level

17. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One of the Information is 20 under Sentencing Guidelines Manual § 2B3.1(a).

6

### Specific Offense Characteristics

18. The parties agree to recommend to the sentencing court that a two-level increase for carjacking under Sentencing Guidelines Manual § 2B3.1(b)(5) is applicable to the offense level for the offense charged in Count One of the Information.

### Acceptance of Responsibility

19. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

20. Both parties reserve the right to provide the District Court and the Probation Office with any and all information which might be pertinent to the sentencing process, including, but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

21. Both parties reserve the right to make any recommendation regarding [any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and] any other matters not specifically addressed by this agreement.

22. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

## Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines, but will not be bound by the sentencing guidelines, and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

8

26. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form.

## Fine

27. The parties agree to recommend to the sentencing court that no fine be imposed against the defendant.

## Special Assessment

28. The defendant agrees to pay the special assessment in the amount of $200 prior to or at the time of sentencing.

## Restitution

29. The defendant agrees to pay restitution in the amount as ordered by the court. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

## **DEFENDANT'S WAIVER OF RIGHTS**

30. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

9

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

31. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

32. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights,

including, but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

33. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## GENERAL MATTERS

34. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

35. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

36. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

37. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

38. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to

11

appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

39. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

12

Case 2:20-cr-00192-LA    Filed 11/01/21    Page 12 of 13    Document 28

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 10/29/21

_____
MARSELLIUS D. MARTIN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 10/29/21

_____
CRAIG W. ALBEE
Attorney for Defendant

For the United States of America:

Date: 11/1/2021

_____
RICHARD G. FROHLING
Acting United States Attorney

Date: 11/1/2021

_____
LISA WESLEY
Assistant United States Attorney

13